**METROPOLITAN TELEVISION COM-PANY, Petitioner,**

**v.**

**UNITED STATES of America, Federal Communications Commission, Respondents,**

**Alvarado Broadcasting Company, Inc., Intervenor.**

**METROPOLITAN TELEVISION COM-PANY, Appellant,**

**v.**

**FEDERAL COMMUNICATIONS COM-MISSION, Appellee,**

**Alvarado Broadcasting Company, Inc., Intervenor.**

**Nos. 12191, 12192.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 1, 1955.

Decided April 14, 1955.

Mr. Vernon L. Wilkinson, Washington, D. C., with whom Mr. James A. McKenna, Jr., Washington, D. C., was on the brief, for petitioner in No. 12191 and appellant in No. 12192.

Mr. William J. Lamont, Atty., Dept. of Justice, Washington, D. C., of the bar of the Supreme Court of Iowa, pro hac vice, by special leave of Court, for respondent United States of America in No. 12191.

Mr. Charles H. Weston, Washington, D. C., Chief, Appellate Section of the Antitrust Division, Dept. of Justice, entered an appearance for respondent United States of America in No. 12191.

Mr. Daniel R. Ohlbaum, Counsel, Federal Communications Commission, Washington, D. C., with whom Messrs. Warren E. Baker, Gen. Counsel, Federal Communications Commission, and J. Smith Henley, Asst. Gen. Counsel, Federal Communications Commission, Harrison, Ark., were on the brief, for the Federal Communications Commission.

Messrs. Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Commission, Washington, D. C., and Stanley S. Neustadt, Counsel, Federal Communications Commission, New York City, entered appearances for the Federal Communications Commission.

Mr. Leonard H. Marks, Washington, D. C., with whom Mr. Paul Dobin, New York City, was on the brief, for intervenor.

Before EDGERTON, BAZELON, and DANAHER, Circuit Judges.

EDGERTON, Circuit Judge.

Under § 309(c) of the Communications Act of 1934 as amended, 66 Stat. 714, 47 U.S.C.A. § 309(c), Metropolitan Television Company protested an order of the Federal Communications Commission which granted an application by Alvarado Broadcasting Company to change the frequency and power of its broadcasting station. The Commission thought the protest insufficient and dismissed it without a hearing. Metropolitan filed a petition under § 402(a) of the Act, 66 Stat. 718, 47 U.S.C.A. § 402(a), for review of the Commission's order of dismissal. Metropolitan also appealed, under § 402 (b) of the Act, 66 Stat. 718, 47 U.S.C.A. § 402(b), from that order and from the order granting Alvarado's application.

■ Uncertainty as to which section of the Act governs review of orders denying protests arises from the fact that, although the general statutory scheme seems to contemplate review under § 402 (b), that section does not in terms apply to protests, and § 402(a) provides for review of all proceedings "except those appealable under subsection (b) of this section." Though this uncertainty prompted Metropolitan to proceed under each subsection, it agrees with the Commission that an order denying a protest is reviewable only under § 402(b). This view is supported by the close functional similarity between decisions denying protests and decisions denying petitions for rehearing under § 405, which have been treated as reviewable under § 402(b); by the Act's general scheme of appellate review; and by legislative history. We therefore grant the Commission's motion to dismiss the petition for review under § 402(a).

■ Section 309(c) gives a right to a hearing to one who, in a protest against a Commission grant, makes allegations which show him to be a "party in interest". A "party in interest" is one who is "aggrieved or whose interests are adversely affected". § 402(b). Camden Radio, Inc., v. Federal Communications Commission, —— U.S.App.D.C. ——, 220

F.2d 191; on Petition for Rehearing, March 17, 1955.

Metropolitan's protest alleged in substance: It is licensee of Radio Station KOA, Denver, Colorado, a Class I–B "clear channel" station. Alvarado Broadcasting Company is licensee of Station KOAT, 330 miles away, in Albuquerque, New Mexico, an adjacent channel station. KOAT's proposed operation will cause interference within KOA's primary and secondary service areas, though outside KOA's normally protected contour. The interference will be substantial, involving an area of 2,000 square miles with a population of 16,593 within KOA's primary service and an area of 1,238 square miles with a population of 149,202 within KOA's secondary service. The interference "will destroy the usefulness of the KOA signals" in these areas. KOA has actual, as well as potential, listeners in these areas who will be lost as a result of the interference. Surveys show that "a substantial portion of the population" in these areas now listen regularly to KOA. As a commercial radio station it depends for its existence upon advertising revenues. Its attractiveness to advertisers depends on the size of its audience. Its basic selling theme is that it is a "single station network" covering the "Western Market" area, which includes the areas of interference. The fact that it can now claim and substantiate such wide area coverage is one of the reasons it is used by many national advertisers. Though the improved position of KOAT will not, in itself, greatly injure KOA, KOA's loss of listeners will impair its competitive position as to all its competitors in the area, including the Denver Post, and economic injury will result.

The Commission thought these allegations too "conjectural and speculative". We think they make a sufficient showing that Metropolitan is "likely to be financially injured", Federal Communications Commission v. Sanders Brothers Radio Station, 309 U.S. 470, 477, 60 S.Ct. 693, 698, 84 L.Ed. 869, by the protested grant, to entitle Metropolitan to a hearing under § 309(c). This does not imply that Metropolitan is entitled to relief from the grant, or that the grant is for any reason invalid.

No. 12191 dismissed.

No. 12192 reversed.