Theodore GRANIK and William H. Cook, Appellants,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

WMFJ, Inc., Intervenor.

No. 12909.

United States Court of Appeals District of Columbia Circuit.

Argued May 3, 1956.

Decided May 31, 1956.

Mr. Leonard H. Marks, Washington, D.C., with whom Mr. Paul Dobin, New York City, was on the brief, for appellants.

Mr. Warren E. Baker, Gen. Counsel, Federal Communications Commission, with whom Messrs. Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Commission, and Daniel R. Ohlbaum, Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. J. Smith Henley, Asst. Gen. Counsel, Federal Communications Commission, also entered an appearance for appellee.

Mr. Alan Y. Naftalin, Washington, D. C., with whom Mr. Bernard Koteen was on the brief, for intervenor.

Before PRETTYMAN, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Theodore Granik and William H. Cook, appellants, filed with the Federal Communications Commission a protest under section 309(c) of the Communications Act, 66 Stat. 715–716 (1952), 47 U.S.C.A. § 309(c), amending 48 Stat. 1085 (1934), and a petition for reconsideration under section 405, 66 Stat. 720 (1952), 47 U.S.C.A. § 405, amending 48 Stat. 1095 (1934). The protest and petition were directed against a grant by the Commission, without a hearing, of an application of W. Wright Esch to assign the radio license of Station WMFJ, Daytona Beach, Florida, to WMFJ, Inc., intervenor. The protest and petition were denied solely on the ground of lack of standing of each appellant as a "party in interest" within the meaning of section 309(c) or as a person "aggrieved or whose interests are adversely affected" within the meaning of section 405. In a Memorandum Opinion accompanying its order the Commission treats these terms as synonymous, as do the parties. See Metropolitan Television Co. v. United States, 95 U.S.App.D.C. 326, 221 F.2d 879; Camden Radio v. Federal Communications Commission, 94 U.S.App.D.C. 312, 220 F.2d 191.

The facts are set forth in an agreed Statement of the Case. Appellants Granik and Cook alleged in their protest and petition that they had an option to buy radio station WMFJ, Daytona Beach, and to obtain an assignment of its license. They filed the option papers with the Commission. They claimed that their option contract gave them the right also to buy the construction permit which had been issued to Telrad, Inc., for a television station to operate on Channel 2 at Daytona Beach. In the option papers W. Wright Esch, with whom the agreement was made, was represented as the owner of the radio station and the principal stockholder of Telrad, Inc. According to the terms of the contract, exercise of the option would be followed by tranfer to appellants of all the physical radio station facilities owned by Esch and used in operating the station, together with contracts for network programs and for the sale of time. It was also agreed that shortly after exercise of the option Esch would file an application with the Commission for assignment to appellants of the station license and television construction permit.

Appellants timely advised Esch that they exercised the option under its terms.[1] Thereafter, however, Esch en-

---

[1] Shortly thereafter, one Ossinsky advised appellants that he was "a co-director and large stockholder of Telrad" and that the option negotiations were null

tered into an agreement to sell the radio station to others, doing business as WMFJ, Inc., the present intervenor, and filed an application with the Commission to obtain consent to an assignment of the station license to intervenor. Granik and Cook thereupon requested the Commission to designate the application for hearing and to permit their participation therein. They advised the Commission they had instituted suit in the Florida courts to protect their rights under the option agreement and had prayed for specific performance and an injunction. The Commission, however, granted the application without a hearing. Appellants' protest and petition for reconsideration followed and were denied, as we have said, for lack of standing.

■ We think Granik and Cook had standing to protest under section 309(c) and to petition for reconsideration under section 405. By contract they had secured an interest in Esch's ownership of the license. The proceedings on Esch's application to the Commission were calculated to lead to Commission action inconsistent with appellants' interests, which were known to the Commission. Indeed, the action of the Commission granting the assignment application amounted to approval of transfer of the station license to intervenor notwithstanding Esch was shown, prima facie, to have contracted to apply to the Commission for assignment of the license to appellants. Under any ordinary construction of sections 309(c) and 405 appellants were parties in interest, persons aggrieved, or persons whose interests were adversely affected by this action of the Commission. See United States v. Storer Broadcasting Co., 76 S.Ct. 763; Columbia Broadcasting System v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563.

■ Although the Florida courts have jurisdiction to decide the private rights of the parties, the Commission of course retaining ultimate jurisdiction over the license, appellants' position in the private litigation does not remove them from a position of standing also under the Communications Act to challenge action under it adverse to their interests. The transactions with respect to the station and its license are relevant to the Commission's determination whether the public interest, convenience and necessity would be served by grant of Esch's application for assignment of the license to intervenor. See section 310(b) of the Act, 47 U.S.C.A. § 310(b). Good faith and fair dealing bear upon the public interest. And appellants are the persons to present the facts to the Commission. Thus through their private interest they represent a factor affecting the public interest, even though their private interest considered alone is not for Commission determination. Federal Communications Commission v. Sanders Brothers Radio Station, 309 U. S. 470, 477, 642, 60 S.Ct. 693, 84 L.Ed. 869, 1037; Scripps-Howard Radio, Inc., v. Federal Communications Commission, 316 U.S. 4, 14, 62 S.Ct. 875, 86 L.Ed. 1229; United States v. Storer Broadcasting Co., 76 S.Ct. 763. If anything more were required, and we think it is not, standing arises also by reason of the likelihood of injury to appellants because of the effect the Commission's action might have upon the Florida litigation. Cf. Greenville Television Co. v. Federal Communications Commission, 95 U.S.App.D.C. 314, 221 F.2d 870. The state court in determining what relief, if any, should be accorded appellants might well be influenced by the Commission's decision respecting assignment of the license. For example, in deciding whether it should exercise its equitable power to grant appellants' request for specific performance and an injunction the state court might be influenced by the fact that the Commission had ap-

and void with respect to the Telrad property because not approved by the corporation. The Commission's records show that Ossinsky held one of the five Telrad shares issued and outstanding, but had subscribed to no shares. Esch had subscribed to the entire stock subscription of 120 shares.

proved assignment of the license to another, or that such assignee had begun operating the station. Conversely, the court's decision as to the rights and obligations of the parties before it might influence the decision of the Commission affecting some or all of the same parties. This is not to say that either court or Commission may cross the jurisdictional lines separating them, but only that in exercising their respective jurisdictions each might be affected by action of the other in a matter having much of common concern. The stake of appellants in the facilities of the station and in the license seems to us to reach a status comparable to the economic interest which gave standing in Sanders. In fact their stake includes an economic interest, though not that of a competitor as in Sanders.

The Commission may never receive an application from Esch for assignment of the license to appellants. But we cannot be certain of this, especially because the Commission, after hearing appellants, might not approve an assignment to intervenor. And in any event appellants are entitled to be heard on the question whether the public interest would be served by granting Esch's application for assignment of the license to intervenor. This question does not depend alone upon the qualifications of intervenor, but in part upon the facts bearing upon the proposed assignment by Esch. The public interest cannot be disassociated from those facts so as to preclude their consideration by the Commission at the behest of parties affected by them in a special manner. The meaning of "party in interest" and "person aggrieved or whose interests are adversely affected" is broad enough to include appellants in the novel circumstances here presented. They have a tangible, substantial and particular interest in the subject matter of the Commission proceedings.

Reversed and remanded.