FEDERAL BROADCASTING SYSTEM,
Inc., Appellant,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,
WHEC, Inc., Intervenor,
Veterans Broadcasting Company,
Inc., Intervenor.

No. 13235.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 8, 1956.
Decided Nov. 15, 1956.

Mr. William A. Roberts, Washington, D. C., with whom Messrs. E. D. Johnston and Julian P. Freret, Washington, D. C., were on the brief, for appellant.

Mr. Henry Geller, Counsel, Federal Communications Commission, with whom Messrs. Warren E. Baker, Gen. Counsel, Federal Communications Commission, and Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Commission, were on the brief, for appellee. Mr. J. Smith Henley, Asst. Gen. Counsel, also entered an appearance for appellee.

Mr. Frank Roberson, Washington, D. C., with whom Mr. Frank U. Fletcher, Washington, D. C., was on the brief, for intervenor Veterans Broadcasting Company, Inc.

Messrs. Thomas H. Wall, Jerome H. Heckman and Thomas J. Dougherty, Washington, D. C., were on the brief, for Intervenor, WHEC, Inc.

Before PRETTYMAN, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

In Federal Broadcasting System v. Federal Communications Commission, 96 U.S.App.D.C. 260, 225 F.2d 560, we held that a protest against the grant of a television permit for Channel 10 in Rochester, New York, to WHEC, Inc., and Veterans Broadcasting Company, Inc., had been improperly dismissed by the Commission for lack of specificity. We remanded the case for further proceedings before the Commission. It was not, however, until after denial by the Supreme Court of WHEC's and Veterans' petition for writ of certiorari, December 12, 1955, 350 U.S. 923, 76 S.Ct. 212, that a certified copy of our opinion and judgment, in lieu of mandate,[1] was sent to the Secretary of the Commission, December 21, 1955. More than two years earlier WHEC and Veterans had begun operations, then deemed permissible because the effective date of the Commission's dismissal of Federal's protest had not been stayed either by the Commission or the courts. When on December 21, 1955, our decision became effective section 309(c) of the Communications Act, 48 Stat. 1085 (1934), as amended, 47 U.S.C. § 309(c) (1952), 47 U.S.C.A. § 309 (c), in its then form, was applicable. Under it a station was not authorized to operate, after a protest which required a hearing, pending the hearing and consequent decision, unless "necessary to the maintenance or conduct of an existing service."[2] A station which had begun to operate as a result of an authorization without a hearing but which later became the subject of a valid protest which required a hearing, was not deemed by the Commission to be "an existing service" within the meaning of section 309 (c). WHEC and Veterans accordingly were not considered as in this "existing service" category. But, as we have seen, WHEC and Veterans had in fact begun to operate.

In view of the above situation Federal, after December 21, 1955, promptly and persistently sought postponement by the Commission of the effective date of its grant to WHEC and Veterans, relying upon the provisions of section 309(c) then applicable. There was some delay within the Commission and the matter

1. See Rule 38(m) of the General Rules of this Court, 28 U.S.C.A.

2. The pertinent part of section 309(c), prior to the amendment of January 20, 1956, infra, reads:
"* * * The hearing and determination of cases arising under this subsection shall be expedited by the Commission and pending hearing and decision the effective date of the Commission's action to which protest is made shall be postponed to the effective date of the Commission's decision after hearing, unless the authorization involved is necessary to the maintenance or conduct of an existing service, in which event the Commission shall authorize the applicant to utilize the facilities or authorization in question pending the Commission's decision after hearing."

was not reached for consideration until January 19, 1956. At that date legislation designed to amend section 309(c) had passed Congress, and the Commission determined that "it would be contrary to the public interest to try to accelerate a determination under the provisions of a law which, as of the time of our consideration, had already been amended by the Congress and awaited the President's signature." The amendment, Public Law 391, 84th Cong., 2d Sess., was signed by the President January 20, 1956. As thus amended section 309(c) empowers the Commission to permit the utilization of a facility or authorization under a grant issued without a hearing and duly protested even though it does not involve "an existing service" if the Commission affirmatively finds for reasons set forth in its decision that the public interest requires the grant to remain in effect pending decision after hearing.

WHEC and Veterans petitioned the Commission on January 30 and 31, 1956, representing that the public interest required that the protested authorization remain in effect pending decision in the protest proceedings. From the Commission's order of February 28, 1956,[3] granting this petition, Federal now appeals, pursuant to section 402(b) (6) of the Act, 47 U.S.C.A. § 402(b) (6).[4]

■ Petitioner contends that the amendment of January 20, 1956, has prospective application only. It contends also that since the statute in effect when the protest was dismissed required postponement of the effective date of the grant until after a hearing, operation of the station should have ceased when we decided that the protest was erroneously dismissed and a hearing was required. Cessation not having occurred petitioner contends we should now require it pending outcome of the hearing to ensue. Footnote 4, supra. The Commission, however, construes the statute, as it read before the amendment, to require a Commission order to bring about postponement of the effective date of a grant in such a case as this, where operations have begun under the grant, unless of course operations cease without such an order. In other words, the Commission says operations were not required automatically to discontinue upon a finding that the protest was valid and called for a hearing. We think this construction of the statute is a reasonable one which we should accept.[5] Had the Court itself ordered discontinuance of course the case would be different, and so too if operations had voluntarily ceased.

■ There remains to consider whether the Commission acted within its power in affirmatively authorizing operations to continue notwithstanding the fact that when our decision became final, December 21, 1955, section 309(c) did not contain the amendment relied upon by the Commission for its order of February 28, 1956. In the first place, we cannot say that an order postponing the effective date of the Commission's authorization necessarily should have been entered within the time which elapsed between December 21, 1955, and the effective date of the amendment and, therefore, should now be required *nunc*

---

3. The order is dated February 24, 1956. It was issued February 28, 1956.

4. WHEC and Veterans have intervened to support the Commission. The Commission has designated the protest of Federal for hearing upon specified issues, consistently with the decision of this Court in Federal Broadcasting System v. Federal Communications Commission, supra. These proceedings are not involved in the present appeal.

As to the appropriateness of the appeal under section 402(b) (6) see Met-

ropolitan Television Co. v. United States, 95 U.S.App.D.C. 326, 221 F.2d 879, and order of this court of November 9, 1956, dismissing the appeal in No. 13537 Channel 16 of Rhode Island v. United States.

5. Gray v. Powell, 314 U.S. 402, 412, 62 S.Ct. 326, 86 L.Ed. 301; N. L. R. B. v. Hearst Publications, 322 U.S. 111, 130–131, 64 S.Ct. 851, 88 L.Ed. 1170; But cf. Social Security Board v. Nierotko, 327 U.S. 358, 369–370, 66 S.Ct. 637, 90 L. Ed. 718.

*pro tunc* as it were. While the Commission appears to have delayed in reaching the matter for action the delay was not inordinate. In the second place, when the Commission did act the amendment had become effective and was relied upon. Petitioner says this gave the amendment retroactive effect whereas it could validly be applied prospectively only. Yet it was applied to a situation which was current. We are by no means clear that this gave the amendment retroactive effect. If it did it was only in the sense that the proceedings had originated previously, although they had not run their full course. In any event, unless reliance by the Commission upon the change in legislation deprived petitioner of a right protected by the Due Process Clause the amendment validly could be applied retroactively. The situation was that petitioner was entitled to a hearing on its protest, and thereby to seek in the public interest to obtain compliance by the Commission with its governing statute. Pending decision on the protest the effective date of the authorization to WHEC and Veterans should have been postponed. But petitioner's right to vindicate this public interest was not a right to preclude competitive operations due to a failure so to postpone when Congress decided to empower the Commission to permit such operations pending hearing and decision on petitioner's protest. This is what occurred. If the amendment is either procedural or remedial in character the settled rule permits its retroactive application. Bowles v. Strickland, 5 Cir., 151 F.2d 419; Beatty v. United States, 8 Cir., 191 F.2d 317; Dargel v. Henderson, Em.App., 200 F.2d 564. Though not conclusive of its character, H.R.Rep. No. 1750, 82nd Cong., 2nd Sess. (1952) [6] refers to the unamended 309(c) as setting forth the "procedure to be followed by the Commission"; and S.Rep.No. 1231, 84th Cong., 1st Sess. (1955) [7] indicates that the amended section was intended to apply "to stations now on the air." Furthermore, the analysis in Scripps-Howard Radio v. Federal Communications Commission, 316 U.S. 4, 14–15, 62 S.Ct. 875, 882, 86 L.Ed. 1229, of the status of one in at least as strong a position as Federal demonstrates that Federal had acquired no such private substantive right as the Due Process Clause protected against application of the new powers of the Commission to the situation presented. In the case cited the Supreme Court referred to persons whom Congress has authorized to appeal from Commission action as "private litigants [having] standing only as representatives of the public interest. Federal Communications Commission v. Sanders Radio Station, 309 U.S. 470, 477, 642, 60 S.Ct. 693, 698, 84 L.Ed. 869, 1037." The rights "to be vindicated"—id., 316 U.S. at page 15, 62 S.Ct. at page 882—are those of the public and do not include protection of Federal from continued operation of the facilities of WHEC and Veterans as permitted by Congress, assuming of course that the Commission does not abuse the discretion granted or otherwise act beyond its authority or in violation of the rules governing administrative action.

■ Petitioner contends that the Commission's finding, required by amended section 309(c), that the public interest required that the protested grant remain in effect was without substantial support in the record, and constituted an abuse of discretion. The finding, however, was based on sufficient evidence and the resulting order on appeal was within the discretion granted by the amendment to the Commission.

Affirmed.

6. 1952 U.S.Code Cong. & Ad.News pp. 2234, 2243.

7. 1956 U.S.Code Cong. & Ad.News pp. 465, 468.