Theodore GRANIK and William H. Cook,
Appellants.

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,

WMFJ, Inc., and W. Wright Esch,
Intervenors.

Theodore GRANIK and William H. Cook,
Appellants,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,

Telrad, Inc., Perry Realty Company, W.
Wright Esch, Adelaide B. Esch and
Louis Ossinsky, Sr., Intervenors.

Nos. 13730, 13731.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 13, 1958.
Decided Jan. 30, 1958.

Mr. Leonard H. Marks, with whom Messrs. Paul Dobin and Stanley S. Neustadt, Washington, D. C., were on the brief, for appellants.

Mr. Charles C. McCarter, Atty., Federal Communications Commission, Chevy Chase, Md., for appellee.

Messrs. Warren E. Baker, Gen. Counsel, Federal Communications Commission, Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Commission, and Richard M. Zwolinski, Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. Alan Y. Naftalin, Washington, D. C., with whom Mr. Bernard Koteen, Washington, D. C., was on the brief, for intervenor WMFJ, Inc., in No. 13730.

Mr. Frederick H. Walton, Jr., Washington, D. C., with whom Messrs. William J. Dempsey and William C. Koplovitz, Washington, D. C., were on the brief, for intervenors Telrad, Inc., and Perry Realty Company.

Messrs. Abe L. Stein, Washington, D. C., and Louis Ossinsky, Sr., Daytona

Beach, Fla., entered appearances for intervenor W. Wright Esch, in No. 13730 and intervenors Esch and Ossinsky, Sr., in No. 13731.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

In Granik v. FCC, 98 U.S.App.D.C. 247, 234 F.2d 682, we held, for reasons there set forth, that appellants had standing to protest under section 309(c) and to petition for reconsideration under section 405 of the Communications Act[1] in respect of the grant by the Commission of an application of W. Wright Esch to assign the radio license of Station WMFJ, Daytona Beach, Florida, to WMFJ, Inc., intervenor. Thereafter, while proceedings before the Commission consistent with our opinion were in progress, the Circuit Court for Volusia County, Florida, held against appellants in respect of the option agreement they claimed Esch had made with them and which was the basis for our holding in Granik v. FCC, supra, that they had standing in the Commission proceedings. The Commission thereupon dismissed, for lack of standing, their protest and petition in the radio license case, No. 13,730, and in the related case, No. 13,731. The latter involves a grant by the Commission of an application by Esch to assign to intervenor Perry Realty Company[2] his controlling interest in Telrad, Inc., permittee of television station WESH-TV, Daytona Beach. The two cases are in the same situation insofar as the question of standing is concerned.

Thereafter, and while these appeals were pending, the Supreme Court of Florida affirmed the decision of the Circuit Court of Volusia County in a *per curiam* opinion, but "without prejudice to any action at law, if any, which appellants may have against appellee W. Wright Esch." Whatever judicial remedy, if any, may be available by reason of this "without prejudice" provision, there is now a final judicial determination that appellants have no such interest in the subject matter of the Commission proceedings as gave them standing under our earlier decision.

Since appellants no longer are "aggrieved" or "adversely affected" by the Commission's orders, the appeals must be

Dismissed.

---

1. 66 Stat. 715–16, 720 (1952), as amended, 47 U.S.C. §§ 309(c), 405 (Supp. IV, 1957), 47 U.S.C.A. §§ 309(c), 405, amending 48 Stat. 1085, 1095 (1934).

2. At the time of the grant Perry Realty Company was known as W.C.O.A., Inc.