Edward C. WHITE, Appellant,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,

WSM, Inc., Intervenor.

No. 14164.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 6, 1958.

Decided Feb. 27, 1958.

Mr. Edward C. White filed a brief pro-
se, and his case was treated as submitted
thereon.

Mr. Mark E. Fields, Counsel, Federal
Communications Commission, with
whom Messrs. Warren E. Baker, Gen-
eral Counsel, Federal Communications
Commission, and Richard A. Solomon,
Assistant General Counsel, Federal Com-
munications Commission, were on the
brief, submitted on the brief for appellee.

Mr. R. Russell Eagan, Washington,
D. C., with whom Mr. Reed T. Rollo,
Washington, D. C., was on the brief,
submitted on the brief for intervenor.

Before REED, Associate Justice of the
Supreme Court, retired,* and WASHING-
TON and DANAHER, Circuit Judges.

PER CURIAM.

On April 18, 1957, intervenor WSM,
Inc., applied to the Federal Communica-
tions Commission for permission to
change the location of its television
transmitter tower. On May 21, 1957,
this application was granted. On June
18, appellant White filed a pleading en-
titled "Petition to Rehear," alleging that
persons—like himself—living near inter-
venor's new tower site would be en-
dangered by the new tower, inasmuch as
intervenor's previous tower had collapsed
with some loss of life. The Commission
denied relief and appellant brought the
case here.

Assuming for the purpose of this deci-
sion that appellant is a person "ag-
grieved or whose interests are adversely
affected,"[1] under both Section 405 and
Section 402(b)(6) of the Communica-
tions Act,[2] we are satisfied, after review-

---

* Sitting by designation pursuant to Sec-
tion 294(a), Title 28, U.S.Code.

1. But compare Granik v. Federal Com-
munications Commission, 1956, 98 U.S.
App.D.C. 247, 234 F.2d 682, with Granik

v. Federal Communications Commission,
1958, 102 U.S.App.D.C. —, 252 F.2d
822.

2. 48 Stat. 1095, 1093 (1934), as amended,
47 U.S.C.A. §§ 405, 402(b) (6).

ing the record, that the Commission did not err or abuse its discretion when it declined to revoke its grant of permission to intervenor. The Commission's order denying relief to appellant will therefore be

Affirmed.