**FEDERAL BROADCASTING SYSTEM, INC., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**
**WBBF, Inc., Intervenor.**

**No. 14418.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 24, 1959.

Decided April 2, 1959.

7. 259 U.S. at page 395, 42 S.Ct. at page 578.

Mr. Charles F. O'Neall, Washington, D. C., for appellant.

Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, for appellee. Messrs. John L. Fitzgerald, General Counsel, Federal Communications Commission, Richard A. Solomon, Asst. General Counsel, Federal Communications Commission, at the time the brief was filed, and Mark E. Fields, Counsel, Federal Communications Commission, were on the brief for appellee.

Mr. Vernon L. Wilkinson, Washington, D. C., with whom Mr. James A. McKenna, Jr., Washington, D. C., was on the brief for intervenor.

Before BAZELON, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

This controversy involves a protest, under § 309(c) of the Federal Communications Act,[1] by appellant, a radio station licensee, against the renewal of the broadcasting license of its competitor, radio station WBBF. The protest, as summarized in our opinion in an earlier appeal in this controversy,[2] charged:

"(1) that WBBF was chargeable with 'arbitrary refusal to grant consent pursuant to Section 325(a) of the [Communications] Act * * * for Station WSAY to rebroadcast sponsors' programs', and (2) that WBBF had put in effect an arrangement whereby advertisers who patronized both WBBF and another radio broadcasting station under common control with it and partly overlapping its service area would receive a 25% discount from the usual rates, constituting unfair competition and causing Federal Broadcasting a loss of some $16,000 in advertising accounts."

The Commission dismissed "for failure to specify with particularity facts, matters, and things relied upon which warrant the designation of the WBBF application for hearing under Section 309 (c) of the Communications Act." On the earlier appeal, we held the dismissal erroneous and remanded the case to the Commission for further proceedings. We noted, however, that since argument of the appeal before this court, § 309(c) had been amended to permit the Commission to treat a protest as if on demurrer.[3] We expressly reserved opinion on the applicability of the revised procedure to this case on remand.

On remand, the Commission invoked the "demurrer" procedure: It heard oral argument on whether the facts alleged in the protest constitute sufficient grounds for setting aside WBBF's license renewal, and concluded that they did not.[4] Accordingly it affirmed its grant of license renewal to WBBF. The present appeal followed.

At the outset appellant complains that the Commission erred in applying

1. The protest was filed under the provisions of § 309(c), as existent prior to amendment in 1956. Added by ch. 879, 66 Stat. 715 (1952). See text at note 3 infra.

2. Federal Broadcasting System v. Federal Communications Comm., 1956, 97 U.S. App.D.C. 293, 295, 231 F.2d 246, 248.

3. As amended, 70 Stat. 3 (1956), 47 U.S. C.A. § 309(c).

4. The oral argument was interrupted by a mock air raid alert, and, by agreement of the parties and the Commission, the remainder of the argument was conducted by written brief.

the demurrer procedure of § 309(c), as amended. We think not. Federal Broadcasting System v. Federal Communications Comm., 1956, 99 U.S.App.D.C. 320, 239 F.2d 941.[5]

 Concerning appellant's request for rebroadcasting privileges, the Commission determined that appellant had sought essentially blanket authorization to rebroadcast all programs carried by WBBF in which WBBF may have no proprietary interest. It concluded, *inter alia*, that WBBF was justified in refusing to grant such authorization absent (1) more specificity as to the programs Federal sought to rebroadcast, the time they would be rebroadcast, and the financial provisions to be made for such rebroadcast privileges or (2) a showing that WBBF acted in concert with another station, or other interests in refusing the request.

We think the Commission's action in rejecting this ground of the protest was correct because the request for rebroadcast authority was patently unreasonable in scope.[6]

As to appellant's objections to the discount WBBF and its associate station allowed to advertisers purchasing time on both stations, the Commission noted that discounts allowed for such joint advertising are not *per se* unreasonable. It also noted that there is considerable overlap in service area between WBBF and its associated and mutually owned station, and that appellant does not assert either that the stations require advertisers to advertise on both stations, or that Federal's monetary loss resulting from the joint advertising practice would in any way impair Federal's ability to broadcast in the public interest. It thereupon concluded that the joint ad-

vertising practice was not contrary to the public interest, and in no way demonstrated the unfitness of WBBF to hold its license. In these circumstances, we cannot say that the Commission erred in failing to disapprove of the joint advertising discounts.

Nor do we find merit in the other objections raised by appellant.

Affirmed.

---

5. That appeal, although prosecuted by appellant in the suit now before us, arose out of a matter entirely unrelated to the instant proceedings.

6. We do not reach the question of the validity of the Commission's interpreta-

tion of the rebroadcast provisions of § 325(a) of the Communications Act, as expressed in the 1952 rule making proceedings to amend the rebroadcast rules. See Report on Amendment of the Rebroadcasting Rules, 1 Pike & Fischer Radio Reg. (Pt. 3) 91:1131 and 1136.