**LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 87–1436.**

District of Columbia Court of Appeals.

Argued June 14, 1989.

Decided Nov. 15, 1989.

---

J. Stephen Lawrence, Jr., with whom Waltraut S. Addy, Washington, D.C., was on the brief, for appellant.

Martin B. White, Asst. Deputy Corp. Counsel, with whom Frederick D. Cooke, Jr., Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before BELSON and STEADMAN, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

This case comes to us on an appeal from the Superior Court's dismissal of a breach of contract claim against the District of Columbia. The trial court based its dismissal on appellant's failure to exhaust its administrative remedies as required by the District of Columbia Procurement Practices Act of 1985 (DCPPA). D.C.Code § 1–1188.5 (1987 Repl.). *See generally id.* §§ 1–1181.1 through 1–1192.6 (1987 Repl. & 1989 Supp.). Appellant asserts that the DCPPA cannot apply to the contracts which it claims the District has breached because the Act became effective only after appellant and the District entered into the contracts. We disagree and affirm the trial court's ruling.

I.

The District of Columbia in August of 1984 awarded to AMPAT/Southern Corporation (AMPAT) two contracts in connection with construction of the District of Columbia Municipal Building under which AMPAT was to provide and install certain windows, doors, skylights, and other aluminum fixtures. Appellant, Lumbermens Mutual Casualty Company, served as surety on the performance and payment bonds of those contracts. In January 1986, AMPAT ceased work on the project. Appellant undertook to complete the two contracts through the use of a subcontractor and notified the District of its intent in a letter dated April 4, 1986. The District approved the use of the subcontractor.

The two contracts provided for the District of Columbia to make progress payments to the contractor. Appellant, through its agent, submitted requests for such payments but no payments were ever made. In August of 1986, appellant stopped performance on the two contracts because of the District's failure to make the progress payments or to adequately explain its failure to do so. The District claimed that no payments were made because the work completed was defective.

In May 1987, after allegedly attempting to obtain from the District either payment or documentation as to the defects in the work appellant had provided, appellant brought suit in the District of Columbia Superior Court to recover the balance due on the contracts, claiming breach of contract and unjust enrichment. Resort to Superior Court for breach of contract claims was not precluded by the standard government contract dispute clause incorporated into each of appellant's contracts.

The provision of the dispute clause for resolution of "[a]ny dispute concerning a question *arising* under the contract" by the contracting officer with a right of appeal to the Contract Appeals Board, did not apply to breach claims. *See District of Columbia v. Savoy Construction Co.,* 515 A.2d 698 (D.C.1986).[1]

The DCPPA became effective on February 21, 1986, after appellant's contracts with the District were entered into but before any alleged breach occurred. One of the statutory purposes of the Act was "to simplify, clarify, and modernize" the law governing procurement. D.C.Code § 1-1181.1(b)(1) (1987 Repl.). The Act eliminated the bifurcation of claims created by the dispute clause in appellant's contracts with the District. The Act provides that "[a]ll claims by a contractor against the District government *arising under or relating* to a contract shall be in writing and shall be submitted to the Director [of the Department of Administrative Services] for an informal hearing and decision." *Id.* § 1-1188.5(a). A contractor may appeal the decision of the Director to the Contract Appeals Board. *Id.* § 1189.4. The decision of the Board may be appealed to the District of Columbia Court of Appeals, *id.* § 1-1189.5, but unless "fraudulent, arbitrary, capricious, or so grossly erroneous as to necessarily imply bad faith, or if the decision is not supported by substantial evidence" the factual findings of the Board are final. *Id.* § 1-1189.7.

## II.

It is firmly established precedent that "when all that is involved is a change in tribunal, when a determination by a court

is replaced by a final determination, subject only to limited court review, of a board of officials ... the change in remedy does not partake of impairment of 'vested rights.' " *Montana Power Company v. Federal Power Commission,* 144 U.S.App.D.C. 263, 271, 445 F.2d 739, 747 (1970) (en banc), *cert. denied,* 400 U.S. 1013, 91 S.Ct. 566, 27 L.Ed.2d 627 (1971), *supplemented,* 148 U.S. App.D.C. 74, 459 F.2d 863, *cert. denied,* 408 U.S. 930, 92 S.Ct. 2497, 33 L.Ed.2d 343 (1972). *See also Hardware Dealers' Mutual Fire Insurance Co. v. Glidden Company,* 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214 (1931); *Crane v. Hahlo,* 258 U.S. 142, 42 S.Ct. 214, 66 L.Ed. 514 (1922). A change in tribunal is all that is at issue in this case. Appellant's substantive rights have not been altered; they simply must be pursued in another forum.[2]

Appellant argues that a provision of the DCPPA which states that "[n]o District government procurement rule or regulation shall change in any way a contract commitment by the District government or of a contractor to the District Government which was in existence on the effective date of the rule or regulation," D.C.Code § 1182.5(c) (1987 Repl.), is persuasive evidence that the legislature did not intend that the Act apply to contracts entered into before the effective date of the Act. We are not persuaded that this provision circumscribing the regulations issued pursuant to the Act is indicative of the legislative intent on the scope of the Act itself. Furthermore, as we have stated above, application of the *statutory* provision requiring resort to administrative remedies does not change any contractual right or commitment of either appellant or the District.

---

1. In *Savoy,* § 1-1188.5 was not applied to the contract in question, even though the appeal was decided after the effective date of the DCPPA. In that case, however, the trial had taken place and the appellate process had been virtually completed by the effective date of the Act.

2. Appellant argues that application of the DCPPA may result in a significant impairment of his rights. Appellant notes that the new contract disputes clause which has been issued to effectuate the Act requires the contractor to continue performance of the contract pending

final resolution of a claim relating to the contract. While the disputes clause in appellant's contracts contained a similar clause, it did not apply to breach claims. There is nothing to indicate, however, that the new disputes clause will be applied to appellant's contract. Certainly no statutory provision requires such. The only ripe issue before this court is whether the *statutory* provision requiring breach claims to be pursued administratively rather than in the Superior Court applies to appellant's contracts. Application of that provision does not impair appellant's substantive rights.

The rights are the same, only the forum in which those rights are to be enforced has been altered.

We find no clear indication of whether the DCPPA was intended to apply to contracts entered into before the effective date of the Act. To the extent that the Act affects only the forum in which appellant may make its claim, however, we presume, in the absence of a clear legislative indication to the contrary, that the Act was intended to apply to appellant's claim. *See Mendes v. Johnson,* 389 A.2d 781, 789 n. 22 (D.C.1978) (en banc) (statutes which effect procedural rights are applied retroactively). *See also Dale Baker Oldsmobile, Inc. v. Fiat Motors Inc.,* 794 F.2d 213, 216–17 (6th Cir.1986); *United States v. Kairys,* 782 F.2d 1374, 1381 (7th Cir.), *cert. denied,* 476 U.S. 1153, 106 S.Ct. 2258, 90 L.Ed.2d 703 (1986); *Brookins v. Sargent Industries,* 717 F.2d 1201, 1203 (8th Cir.1983); *Federal Broadcasting System v. Federal Communications Commission,* 99 U.S.App.D.C. 320, 323, 239 F.2d 941, 944 (1956).[3]

Accordingly, the judgment of the trial court is

*Affirmed.*

---

**3.** Appellant has not asserted the argument addressed in *District of Columbia v. Sullivan,* 436 A.2d 364 (D.C.1981). We thus have not considered that issue and do not rule on it. *See Weschler & Son, Inc. v. Klank,* 561 A.2d 1003, 1005 n. 2 (D.C.1989).