**FRY & WELCH ASSOCIATES, P.C., Petitioner,**

v.

**DISTRICT OF COLUMBIA CONTRACT APPEALS BOARD, Respondent.**

No. 94–AA–130.

District of Columbia Court of Appeals.

Argued May 23, 1995.
Decided Sept. 14, 1995.

John F. Myers, Washington, DC, for petitioner.

Edward E. Schwab, Assistant Corporation Counsel, with whom Erias A. Hyman, Acting Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for respondent.

Before TERRY and STEADMAN, Associate Judges, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

This petition for review arises from a contract dispute between petitioner Fry & Welch Associates, P.C., and the District of Columbia. Following an unfavorable decision by the Director of the Department of Administrative Services on claims filed by the District against Fry & Welch, Fry & Welch noted an appeal to the Board of Contract Appeals. The Board subsequently dismissed the appeal on the ground that Fry & Welch failed to file a complaint that complied with Board rules.

On appeal to this court, Fry & Welch contends that (1) the D.C. Procurement Practices Act cannot retroactively confer jurisdiction on the Director to decide a dispute "relating to" the contract, in that Fry & Welch would lose its right to a trial by jury, and (2) assuming jurisdiction was proper in the first instance, the Board erred in dismissing the appeal because Fry & Welch filed a sufficient complaint. We reverse and re-mand the case based on our conclusion that Fry & Welch's complaint was sufficient in these circumstances, and direct the Board to address the jurisdictional challenge left unanswered by this court in *District of Columbia v. Savoy Constr. Co.*, 515 A.2d 698 (D.C. 1986).

## I.

In 1977, the District entered into a contract with Fry & Welch Associates, P.C., an architectural and engineering firm, to perform a feasibility study for construction of a Prevocational/Vocational Education Facility for the Handicapped and to design the facility and supervise its construction. The contract contained a standard "Disputes" article which provided that "all disputes concerning *questions arising under this Agreement* which are not disposed of by agreement of the parties shall be decided by the Director, Department of General Services, D.C. . . . ." (Emphasis added.) By 1982, Fry & Welch had completed and presented the District with the construction documents necessary to proceed with construction of the facility. The District thereafter awarded the construction contract to A.A. Beiro Construction Company, and construction commenced in July 1984. By February 1985, structural deficiencies were evident in the partially completed building. Fry & Welch denied responsibility, but reports by two consultant engineering firms opined that the deficiencies were caused in part by design defects in Fry & Welch's construction documents.

The District terminated the construction contract with Beiro. Beiro filed a claim against the District with the Director of the Department of Administrative Services (the Director), to which the District responded with a counterclaim against Beiro and a claim against Fry & Welch alleging breach of contract, breach of warranty, and professional negligence. Following consolidation of all claims and a ten-day hearing, the Director found Fry & Welch liable to the District for $1,968,310.00.

Fry & Welch filed a timely notice of appeal to the Board of Contract Appeals (the Board), later designating the notice of appeal

as the complaint pursuant to Board Rule 201.3, 36 D.C.Reg. 2701 (1989). The notice/complaint alerted the Board and the District that Fry & Welch was appealing the Director's decision while reserving its right to contest the Director's jurisdiction over the dispute in the first instance.[1] In response to the District's motion for a more definite statement, contending that Fry & Welch had not filed a proper complaint in accordance with Board Rule 204, the Board ordered Fry & Welch to file a revised complaint complying with the rule.[2] Fry & Welch filed a revised complaint that expounded the original notice of appeal and specifically asserted its right to a *de novo* hearing before the Board.[3] On the District's motion, the Board dismissed Fry & Welch's appeal for failure to file a complaint that set forth any "claims" against the District.

1. The notice provided in pertinent part:

> You are hereby advised that the claims made by the Government of the District of Columbia ... growing out of the design of the Prevocational/Vocational Educational Facility, do not arise under the Disputes Article of Agreement No. 78–001, but are breach of contract, breach of warranty and professional malpractice claims, and, as such, are not within the authority or jurisdiction of the Contracting Officer, Director of the Department of Administrative Services ... to resolve.
>
> Nevertheless, without waiving any of its right or defenses, including the jurisdictional defense referenced to above, Fry & Welch Associates, P.C., hereby appeals the decision of the Department of Administrative Services of the Government of the District of Columbia dated June 15, 1989, to the Contract Appeals Board, D.C.

Fry & Welch had previously raised the jurisdictional issue before the Director in a motion to dismiss for lack of jurisdiction, which the Director denied.

2. Rule 204 requires the appellant, within thirty days of the notice of appeal having been docketed, to file a complaint "set[ting] forth the basis, with appropriate reference to contract provisions and applicable law, of each claim; the dollar amount claimed, to the extent known; and the relief sought from the Board." Rule 204.2, 36 D.C.Reg. 2703 (1989).

3. In an attempt to comply with the requirement of Rule 204 that Fry & Welch state its claims against the District, the complaint provided:

> 17. Fry & Welch states that it has no claim against the District of Columbia growing out of Contract No. 78–001.

## II.

Fry & Welch contends on appeal that the Director, and therefore the Board as well, had no jurisdiction over this dispute because the contract's disputes article, and not the subsequently enacted D.C. Procurement Practices Act, D.C.Code § 1–1181.1 *et seq.* (1992) (DCPPA), controls disposition of these claims. The disputes article provides for administrative resolution only of disputes "'arising under the contract,'" which does not encompass the instant breach of contract claims that merely "relate to" the contract. *District of Columbia v. Savoy Constr. Co., supra,* 515 A.2d at 702. The DCPPA, however, obliterated the distinction between disputes "arising under" and "relating to" a contract and made both "the subject of an informal hearing and decision by the Director [of the Department of Administrative

> 18. Fry & Welch states that it is unable to state what claims the District of Columbia may be presently asserting against it growing out of Contract No. 78–001.
>
> 19. Fry & Welch states that in connection with whatever claims the District of Columbia intends to assert against it growing out of Contract No. 78–001, that it is entitled to a trial *de novo.*
>
> \* \* \* \* \* \*
>
> 22. Fry & Welch asserts that even though it was required to file its Notice of Appeal to this Board to protect its interests under Contract No. 78–001, notwithstanding its belief that this Board lacks jurisdiction to decide this matter, Fry & Welch has been labeled the appellant herein, although it has no claim against the District and, that it is in fact and in law a defendant, for all intents and purposes, against whom claims were or are being asserted by the District. Under these circumstances, the District is in fact and in law the Plaintiff, and as such should be required to file a statement of its claims in the form of a complaint, and has the burden of proof of establishing its right to recovery, as well as the amount of its recovery.
>
> \* \* \* \* \* \*
>
> WHEREFORE, Appellant Fry & Welch demands a trial *de novo* on any and all claims which the District may seek to make against it growing out of Contract No. 78–001 in any Statement of Claims the District may file herein. Further, Fry & Welch reserves its right to contest this Board's jurisdiction in any future action which may be required to enforce any determination by this Board. Finally, Fry & Welch asserts its right to raise any and all other defenses it may have to any claims that may be filed by the District.

Services]," D.C.Code § 1–1188.3(a)(1) (1992), whose decision may be appealed by the contractor to the Board. D.C.Code § 1–1189.4 (1992). Fry & Welch submits that *Lumbermens Mut. Casualty Co. v. District of Columbia,* 566 A.2d 480 (D.C.1989), which applied the DCPPA retroactively to a contract created prior to the effective date of the Act, is not controlling because that decision was based on a determination that retroactive application of the DCPPA would not affect any of the parties' substantive rights. *Id.* at 482 ("A change in tribunal is all that is at issue in this case. Appellant's substantive rights have not been altered. . . ."). Such is not the case here, argues Fry & Welch, where it has been denied its Seventh Amendment right to a trial by jury on the District's breach of contract claims. *Lumbermens* did not explicitly address this issue.

 We decline to rule at this time on the question whether the DCPPA could retroactively confer jurisdiction on the Director to decide the District's breach of contract claims, thereby depriving Fry & Welch of its right to a trial by jury.[4] The Board never addressed this issue in the proceedings below. Although Fry & Welch filed a motion to dismiss for lack of jurisdiction in which it made passing reference to the jury trial argument,[5] the Board rejected the jurisdictional challenge as a whole without specifically speaking to this argument. In dismissing Fry & Welch's appeal, the Board based its decision squarely on Fry & Welch's failure to file a proper complaint without revisiting any jurisdictional issues. On remand, therefore, the Board should decide this threshold question of the jury trial argument made by Fry & Welch. *See* 2 KENNETH C. DAVIS & RICHARD J. PIERCE, JR., ADMINISTRATIVE LAW TREATISE §§ 14.1, 14.2 (3d ed.1994) (discussing primary jurisdiction of agencies and relationship with statutory jurisdiction).

### III.

 We now turn to the question whether the Board erred in dismissing Fry & Welch's appeal for failure to file a proper complaint as required by Board Rule 204. "Our review of [an agency's] application of its regulations is governed by a standard of reasonableness." *Dankman v. District of Columbia Bd. of Elections & Ethics,* 443 A.2d 507, 514 (D.C.1981) (en banc). We will, therefore, defer to an agency's reasonable interpretation or application or its regulations. *Id.; Hanson v. District of Columbia Rental Hous. Comm'n,* 584 A.2d 592, 595 (D.C.1991). We conclude that the Board's application of Rule 204 in the circumstances of this case was unreasonable.

The DCPPA grants a contractor aggrieved by a decision of the Director the right to appeal that decision to the Board, provided the appeal is filed within ninety days of the Director's decision. D.C.Code § 1–1189.4(a) (1992). In addition to filing a notice of appeal, Board Rule 204 requires the appellant, who in all cases is the contractor, to file "a complaint setting forth ... its claims" against the District. Rule 204.1, 36 D.C.Reg. 2703 (1989).[6] The rule applies even where, as here, the appellant was the defending party below and has made no claims against the District.

In dismissing Fry & Welch's appeal, the Board reasoned that a complaint by definition must recite an affirmative "claim," that the revised complaint "does not set forth a claim against the government, and that a request for a trial *de novo* is not a 'claim.'" In so concluding, the Board relied on the general definition of "claim," set forth in the

---

4. Fry & Welch presented this court with its argument distinguishing *Lumbermens* for the first time in its reply brief. To raise an issue in this manner "clearly exceed[s] the permissible scope of the reply brief." *Joyner v. Jonathan Woodner Co.,* 479 A.2d 308, 312 n. 5 (D.C.1984).

5. Fry & Welch first raised the jury trial argument in its response to the District's opposition to the motion to dismiss. The argument, however, consisted of several bald statements that the Director's exercise of jurisdiction in this case violated Fry & Welch's right to have a trial by jury and that *Lumbermens,* which did not involve the asserted right, did not control this case.

6. In response to the complaint, the contracting agency of the District must then file an answer "set[ting] forth simple, concise and direct statements of the contracting agency's defenses to each claim asserted by the appellant, including any affirmative defenses or counterclaims available." Rule 205.3, 36 D.C.Reg. 2703.

District of Columbia Municipal Regulations for Contracts and Procurements, defining "claim" as

> a written demand or written assertion by the District or a contractor seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.

27 DCMR § 3899.1 (1988). The Board later explained in its opinion denying Fry & Welch's motion for reconsideration that "in order for Appellant to appeal th[e] decision to the Board, the Appellant would have to 'convert' the District's claim (and Appellant's defense against it) to a contractor's claim...."

The Board's rules and its construction of them contemplate the typical contract dispute scenario where the District fails to make payments to the contractor and the contractor brings a claim against the District. In other words, the contractor ordinarily is the "plaintiff" whereas the District is the "defendant." In that case, when the Director's decision favors the District, the contractor-appellant has an existing claim against the District which it can reassert in a complaint before the Board.

The present case, however, represents the atypical scenario, *i.e.,* the District as "plaintiff" and the contractor as "defendant," a scenario for which the rules do not provide. The Board's literal application of its rules, therefore, is inapposite and unreasonable in a case such as this one. Although the Board is at liberty to require appellants to file pleadings beyond the notice of appeal, to require a complaint in the usual sense of the word as a precondition to maintaining an appeal in these circumstances impermissibly serves to deny Fry & Welch its statutory right to an appeal to the Board.

Because Fry & Welch was the defending party below and had no claims against the District, its "complaint" asserted all that Fry & Welch could reasonably assert in these circumstances:[7] that the Director's decision was wrong and Fry & Welch formally appealed the decision, that it reserved its right to contest subject-matter jurisdiction, and that it demanded its statutory right to a *de novo* hearing before the Board.[8] It would be unreasonable to require Fry & Welch, as the Board suggested, to "convert" the District's claims into contractor claims or to articulate in any way the District's claims against it. On remand, the Board has the discretion either to acquaint itself with the District's claims through the existing administrative record or to direct the District to provide a statement of claims as part or in lieu of the "answer" the District must file under Board Rule 205, *supra* note 6.

Accordingly, the order of the Board dismissing Fry & Welch's appeal is reversed, and the case remanded to the Board with instructions to reinstate the appeal based on the revised complaint and to determine whether it has jurisdiction over this matter. If the Board determines it does not have jurisdiction, it shall dismiss the proceedings. If it determines it does have jurisdiction, it

---

**7.** In its argument before this court, the Board rejected a literal interpretation of Rule 204 in favor of characterizing the required "complaint" as an appellate brief: something "which took issue ... with the Director's decision," from which "the Board could know the basis for the appeal and ... frame the issues and proceed with the case.... All that was required was a statement of legally adequate reasons for Fry & Welch's dissatisfaction with the Director's decision, from which it had appealed to the Board." Even this interpretation, however, is inapposite in these circumstances. Because Fry & Welch is entitled to a *de novo* hearing before the Board, not simply a review of the Director's decision, the Board need not know what errors the Director may have made previously.

**8.** Fry & Welch also urges us to construe the Board's jurisdiction "to review and determine de novo" decisions of the Director, D.C.Code § 1–1189.3 (1992), as requiring the Board to conduct a new evidentiary hearing, as if the Director had never decided the case. The Board in its brief contests this interpretation of *de novo*, arguing instead that the standard of review simply requires the Board to make its own findings of fact based on the administrative record but does not alter the Board's appellate function. At oral argument, however, the Board conceded that appeals from decisions of the Director generally result in new evidentiary hearings. We need not consider the proper construction of *"de novo"* under the DCPPA, therefore, unless and until the Board transforms its argument before this court into a reality, denying Fry & Welch a fresh opportunity to litigate its case.

then shall proceed *"de novo"* as provided by D.C.Code § 1–1189.3 (1992).[9]

*Reversed.*

9. Of course, the Board must articulate the basis

for its ruling on jurisdiction.